NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JONI SEQUIRA, successor-in-interest to PAUL OLDS,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>3M COMPANY, AKA Minnesota Mining and Manufacturing Company,<br><br>　　　　Defendant,<br><br>　and<br><br>LOCKHEED MARTIN CORPORATION, DBA Lockheed Martin Aeronautics, FKA Lockheed Martin Tactical Systems,<br><br>　　　　Defendant - Appellee. | No. 13-56921<br><br>D.C. No. 2:12-cv-08539-R-MRW<br><br><br>MEMORANDUM* |
| JONI SEQUIRA, successor-in-interest to PAUL OLDS,<br><br>　　　　Plaintiff - Appellant,<br><br>　v. | No. 14-55383<br><br>D.C. No. 2:12-cv-08539-R-MRW |

　　　*　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**3M COMPANY, AKA Minnesota Mining and Manufacturing Company,**

Defendant,

and

**UNITED TECHNOLOGIES CORPORATION, sued individually and as successor-in-interest to Pratt and Whitney,**

Defendant - Appellee.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted August 31, 2015
Pasadena, California

Before:    **KOZINSKI**, **O'SCANNLAIN** and **BYBEE**, Circuit Judges.

**1.** The district court did not err in granting summary judgment to Lockheed based on the government contractor defense. See Boyle v. United Techs. Corp., 487 U.S. 500, 512 (1988) (design defect claims); Getz v. Boeing Co., 654 F.3d 852, 866 (9th Cir. 2011) (failure-to-warn claims). Lockheed introduced affidavits from Valentino Jimenez and Deborah Parker establishing the elements of this affirmative defense. Sequira offered no competent evidence to rebut it.

The affidavits show that the United States approved "reasonably precise specifications" requiring Lockheed to use asbestos-containing "Government Furnished Equipment" in the F-80 aircraft, including a J-33 engine and its integrated subassemblies. See Boyle, 487 U.S. at 512. These subassemblies contained blankets and valves, which Paul Olds claimed released asbestos particles into the air where he worked. Moreover, the equipment conformed to the government's specifications because Lockheed complied with all its directives for constructing the F-80 aircraft, including the use of specific warnings. See Getz, 654 F.3d at 864, 866. Finally, the United States knew about the hazards of asbestos as early as 1944—well before Olds allegedly encountered it. Therefore, there were no dangers known to Lockheed but not to the United States. See Boyle, 487 U.S. at 512.

Sequira attempted to introduce the declaration of Mark Thomson to counter Lockheed's assertions. But the district court excluded the Thomson declaration for lack of foundation and because Thomson "manufacture[d] . . . factual disputes." Sequira does not challenge this ruling on appeal and is thus left without any evidence to contest Lockheed's affirmative defense. Accordingly, "there is no genuine dispute as to any material fact" and Lockheed "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**2.** UTC, as successor-in-interest to Pratt & Whitney, is also entitled to summary judgment because Sequira didn't present a prima facie case of asbestos exposure. Sequira didn't offer competent expert evidence showing that the asbestos from the Pratt & Whitney engines was a "substantial factor" in causing his mesothelioma. See Rutherford v. Owens-Illinois, Inc., 941 P.2d 1203, 1219 n.11 (Cal. 1997) (citing Lineaweaver v. Plant Insulation Co., 37 Cal. Rptr. 2d 902, 906 (Cal. Ct. App. 1995)) (directing mesothelioma and lung cancer plaintiffs to introduce expert testimony to show that exposure was a "substantial factor" in causing their injuries).

Having admitted that Olds failed to present competent evidence or even address the point before the district court, Sequira can't argue the "substantial factor" issue here. We don't review issues raised for the first time on appeal, much less factual ones. Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1004 (9th Cir. 2002).

**AFFIRMED.**